# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADELLA GILLISPIE,**

        **Plaintiff,**

**v.**                                                       **Case No:   6:19-cv-1490-Orl-LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

## MEMORANDUM OF DECISION

Adella Gillispie ("Claimant") appeals the Commissioner of Social Security's final decision denying her application for disability benefits.  (Doc. 1).  The Claimant raises a single argument challenging the Commissioner's final decision and, based on that argument, requests that the matter be reversed and remanded for further proceedings.  (Doc. 20 at 5-7, 9).  The Commissioner argues that the Administrative Law Judge ("ALJ") committed no legal error and that his decision is supported by substantial evidence and should be affirmed.  (*Id*. at 7-10).  Upon review of the record, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.

## I.    Procedural History

This case stems from the Claimant's application for disability insurance benefits.  (R. 197-98).  The Claimant alleged a disability onset date of January 1, 2015.  (R. 197).  The Claimant's application was denied on initial review and on reconsideration.  The matter then proceeded before an ALJ, who, after holding a hearing (R. 42-87), entered a decision on February 19, 2019 denying the Claimant's application for disability benefits.  (R. 15-36).  The Claimant requested review of the ALJ's decision, but the Appeals Council denied her request for review.  (R. 1-3).  This appeal

followed.

## II.   The ALJ's Decision

In reaching his decision, the ALJ performed the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a).[1]   First, the ALJ determined that the Claimant's last date insured was December 31, 2019.   (R. 17).   Next, the ALJ found the Claimant suffers from the following severe impairments: headaches; obesity; bipolar disorder; major depressive disorder with psychotic features; and a psychotic disorder (R. 18-23).   The ALJ further found that the Claimant has mild limitations in understanding, remembering, or applying information.   (*Id.*).   The ALJ, however, determined that the Claimant did not have an impairment or combination of impairments that met or medically equaled any listed impairment.   (R. 23-25).

The ALJ next found that the Claimant has the residual functional capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c)[2] with the following specific limitations:

> The claimant can lift or carry 50 pounds occasionally (up to one-third of the workday) and 25 pounds frequently (up to two-thirds of the workday), stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday.   The claimant can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; and, should avoid exposure to hazards, such as heights or machinery with moving parts. Additionally, the claimant can perform unskilled work, with no production rate pace

---

[1]   An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy.   *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[2]   Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.   If someone can do medium work, we determine that he or she can also do sedentary and light work."   20 C.F.R. § 404.1567(c).

work; only occasional changes in a routine workplace setting; occasional contact with co-workers, supervisors, and the general public; no commercial driving; likely being off task 10% of the work period; and, likely being absent from work on a[n] unscheduled basis 1 day per month.

(R. 25).   In light of this RFC, the ALJ found that the Claimant was unable to perform any of her past relevant work.   (R. 34).   The ALJ, however, found that the Claimant could perform other work in the national economy, including work as a floor waxer, laborer, and cleaner.   (R. 35). Accordingly, the ALJ concluded that the Claimant was not disabled between her alleged onset date (January 1, 2015) through the date of the decision (February 19, 2019).   (R. 36).

## III.    Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    Analysis

The Claimant's sole argument on appeal takes issue with the ALJ's hypothetical question to the Vocational Expert ("VE").  (Doc. 20 at 6).  Specifically, the Claimant notes that the ALJ's hypothetical questions to the VE do not account for his RFC determination that the Claimant is limited to standing and/or walking for six hours out of an eight-hour workday.  (*Id.* at 7).  The Claimant also notes that the definitions for medium work contained in 20 C.F.R. § 404.1567(c) and the Dictionary of Occupational Titles ("DOT") do not set forth how long a person must be able to stand or walk in order to perform medium work.  (*Id.*)  Without such guidance, the Claimant posits that the VE may have assumed the Claimant could stand and/or walk the entire eight-hour workday.  (*Id.*).  The Claimant also points to the DOT's job descriptions for floor waxer, laborer, and cleaner, noting that none of them describe any tasks that can be performed while sitting, (*Id.* (citing Docs. 20-1; 20-2; 20-3)), thereby suggesting that those jobs require the ability to stand and/or walk for the entire eight-hour workday.  (*Id.*).  Based on these arguments, the Claimant argues that the ALJ erred by relying on the VE's testimony in determining that the Claimant can perform other jobs in the national economy.  (*Id.*).

In response, the Commissioner contends that medium work requires standing and/or walking for approximately six hours in an eight-hour workday.  (*Id.* at 8-9 (citing Social Security Ruling ("SSR") 83-10)).  The Commissioner therefore argues that the ALJ's hypothetical limiting the Claimant to medium work sufficiently accounted for his RFC determination that the Claimant can "stand or walk for 6 hours in an 8-hour workday."  (*Id.*).  As a result, the Commissioner argues that the ALJ did not err by relying on the VE's testimony in determining that the Claimant can perform other jobs in the national economy.  (*Id.* at 9).

The ALJ may consider the testimony of a vocational expert in determining whether the claimant can perform other jobs in the national economy. *Phillips*, 357 F.3d at 1240. To do so, the ALJ is required to pose hypothetical questions that are accurate and that include all the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the vocational expert's testimony, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Here, the ALJ determined that the Claimant had an RFC to perform medium work with, among other limitations, the ability to "stand or walk for 6 hours in an 8-hour workday." (R. 25). At the hearing, the ALJ posed several hypothetical questions to the VE that limited the Claimant to medium work. (R. 79-81). However, as the Claimant notes, the hypothetical questions were silent as to how long the Claimant could stand or walk in an eight-hour workday. (*Id*.). In response to the ALJ's first three hypothetical questions – with the third question accounting for all the limitations in the ALJ's RFC determination – the VE identified three medium work jobs – floor waxer, laborer, and cleaner – that the Claimant could perform in the national economy. (*Id*.). The ALJ relied on this testimony to determine that the Claimant could perform other jobs in the national economy and, therefore, was not disabled. (R. 35).

The inclusion of medium work in the hypothetical questions sufficiently accounted for the standing and walking limitation contained in the ALJ's RFC determination. As the Claimant notes,

the definitions of medium work contained in 20 C.F.R. § 404.1567(c) and the DOT do not address

how long an individual can stand or walk in an eight-hour workday.  20 C.F.R. § 404.1567(c)

("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying

of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or

she can also do sedentary and light work."); U.S. Dep't of Labor, Dictionary of Occupational Titles,

Appendix C, § IV, 1991 WL 688702 (4th ed., rev. 1991) ("Exerting 20 to 50 pounds of force

occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10

pounds of force constantly to move objects.  Physical Demand requirements are in excess of those

for Light Work.").  The Claimant, however, overlooks the fact that the "Commissioner has

elaborated on the definition of 'medium work' in Social Security Ruling ('SSR') 83-10, which is

binding on ALJs." *Brightmon v. Soc. Sec. Admin., Comm'r*, 743 F. App'x 347, 352 (11th Cir.

2018).[3]  Pursuant to SSR 83-10, medium work "requires standing or walking, off and on, for a total

of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting

or carrying objects weighing up to 25 pounds."  SSR 83-10, 1983 WL 31251, at *6 (1983).[4]

Considering the guidance in SSR 83-10, the ALJ's inclusion of medium work in the hypothetical

questions sufficiently accounted for the standing and walking limitation contained in his RFC

determination.  *See Christopher P. v. Saul*, No. CV 18-6484-SP, 2020 WL 551596, at *3 (C.D. Cal.

Jan. 31, 2020) (finding the ALJ's reference to medium work in his hypothetical sufficiently captured

---

[3]  In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

[4]  "SSRs are agency rulings published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.  SSRs do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same.  Although SSRs are not binding on [the] court, [courts] accord the rulings deference."  *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 610 (11th Cir. 2015) (internal citations and quotation marks omitted).

the plaintiff's RFC limitations to standing or walking for six hours in an eight-hour workday); *Doyle v. Berryhill*, No. 5:16-cv-24, 2017 WL 2364312, at *10 (D. Vt. May, 31, 2017) (limiting hypothetical to medium work without specifying standing and walking limitations was adequate because the plaintiff's limitations fell within the definition of medium work).[5]  The Court therefore finds the ALJ's third hypothetical question was consistent with his RFC determination and, as a result, the ALJ did not commit error by relying on the VE's testimony in determining that the Claimant could perform other jobs in the national economy.

The Claimant's arguments to the contrary are unavailing.  First, the Claimant speculates that the VE may have assumed she could stand and/or walk for the entire eight-hour workday. (Doc. 20 at 7).  The Claimant, however, points to nothing in the record showing that the VE believed that to be the case.  Absent such evidence, the Claimant's speculative argument is unavailing.  *See James T. v. Saul*, No. 2:18-CV-08794-KES, 2019 WL 3017755, at *2 (C.D. Cal. July 10, 2019) ("SSR 83-10 was published in 1983.  Since that time, ALJs and VEs with experience conducting social security disability benefits hearings have understood medium work as requiring

---

[5] Although not cited by the Claimant, the Court has considered the *Brasfield v. Astrue* decision, which addressed a similar, but not identical, issue.  *Id.*, No. 8:11-cv-1733-T-TEM, 2012 WL 3893574 (M.D. Fla. Sept. 7, 2012).  In that case, the ALJ found that the claimant had the RFC to perform medium work and was able to "walk and stand for 6 hours *total* in an 8–hour workday, and sit for 2 hours *total* out of an 8–hour workday" (*Id.* at *4) (emphasis in original).  The ALJ posed a written hypothetical to the VE limiting the individual to "medium work and . . . occasional bending, stooping, crouching, and crawling." (*Id.* at *3).  The claimant argued that the limitation to medium work did not sufficiently account for the ALJ's RFC determination that he could "walk and stand for 6 hours *total* in an 8–hour workday, and sit for 2 hours *total* out of an 8–hour workday." (*Id.*).  The court agreed, explaining that "merely limiting Plaintiff to medium work did not adequately capture Plaintiff's standing/walking and sitting limitations, because the ALJ found Plaintiff was only capable of standing and walking for a *total* of six hours and no more." (*Id.* at *4) (emphasis in original).  The ALJ's use of the word "total" was therefore central to the *Brasfield* court's evaluation of the claimant's argument on appeal.  Here, the ALJ did not limit the Claimant to standing or walking for a "total" of six hours in an eight-hour workday. (R. 25).  The Court therefore finds *Brasfield* inapposite and declines to follow it here.

the ability to stand or walk for up to 6 hours.   There is no reason to think that the ALJ and VE in this case lacked that understanding.   Thus, the ALJ's reference to medium work supplied a 6-hour limitation on walking and standing, and the ALJ did not pose an incomplete hypothetical to the VE.").

Second, the Claimant suggests that since the DOT's job descriptions for floor waxer, laborer, and cleaner do not describe any tasks that can be performed while sitting (*See* Docs. 20-1; 20-2; 20-3), those jobs must require the ability to stand and/or walk for the entire eight-hour workday.   (Doc. 20 at 7).   This argument is also speculative because it presumes that all the tasks performed by a floor waxer, laborer, and cleaner must be performed while standing or walking.   However, there is nothing in the DOT's descriptions of those jobs that support the Claimant's interpretation.   The descriptions are silent as to how much sitting, standing, or walking is required for each job.   (*See* Docs. 20-1; 20-2; 20-3).   Instead, the descriptions simply state that the jobs constitute medium work which, as discussed above, requires standing or walking for a total of approximately six hours in an eight-hour workday.   SSR 83-10, 1983 WL 31251, at *6.   Therefore, contrary to the Claimant's argument, the DOT's descriptions for floor waxer, laborer, and cleaner do not indicate that an individual who performs those jobs must be able to stand and/or walk for the entire eight-hour workday.   Accordingly, the Claimants second argument is unavailing.

For the reasons discussed above, the Court finds the ALJ's step five determination is supported by substantial evidence.   The Commissioner's final decision is due to be affirmed.

## V.     Conclusion

Accordingly, it is **ORDERED** that:

1.   The Commissioner's final decision is **AFFIRMED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner and against

the Claimant and **CLOSE** the case.

   **DONE** and **ORDERED** in Orlando, Florida on July 20, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kevin J. Detherage
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-8338